## Schoket v. Joyce.

*Robert Challis*, for plaintiff; *W. L. Pace*, for defendant.

JONES, J.—Summons in trespass and a return by the sheriff of service upon the defendant "by handing to him personally at the court-house, in Court-room No. 2, a true and attested copy of the writ and making known the contents to him;" petition by the defendant to set aside the service upon the ground that he was in attendance at court in pursuance of a subpœna and testified, and while in court as a witness the summons was served upon him; defendant raises a question of privilege from service of the writ under these circumstances.

The general rule is conceded to be that parties and witnesses are privileged in Pennsylvania from the service of civil process upon them while in attendance at court.

In United States v. Edme, 9 S. & R. 147, it is stated: "The clear principle is this, that protection to a witness should be at least as extensive as to a party; that when it is not mere cover to a skulking debtor, it ought to be considered liberally." See, also, Wood v. Boyle, 177 Pa. 620, 632.

The same question has arisen in numerous cases in the several Common Pleas Courts throughout the Commonwealth and service has been set aside: Lowe v. Cowan, 24 Dist. R. 836; Loughner v. Hershey, 21 Dist. R. 971, and cases therein decided.

Plaintiff concedes that service was illegal by issuing an *alias* summons. The rule to set aside the service is made absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.